IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA D. BENSON, | § | |
| | § | |
| Defendant Below, | § | No. 517, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1611007969 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: July 7, 2020
Decided: October 6, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

### **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Joshua Benson, appeals from the Superior Court's order denying his motion for postconviction relief.  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Benson's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In February 2017, Benson was indicted for possession of a firearm by a person prohibited ("PFBPP"), possession of ammunition by a person prohibited, carrying a concealed deadly weapon ("CCDW"), resisting arrest, and failing to ride

to the right of the roadway while operating a bicycle on a public roadway. On May 1, 2017, Benson filed a motion to disqualify his court-appointed attorney. The Superior Court denied the motion and declined to appoint substitute counsel. Instead, after conducting a colloquy with Benson, the Superior Court permitted Benson to proceed *pro se* and ordered his court-appointed attorney to assist as stand-by counsel.

(3) On May 22, 2017, Benson filed a *pro se* motion to suppress arguing that his arrest was not supported by probable cause. On June 26, 2017, the Superior Court held a suppression hearing at which the State introduced, among other evidence, the arresting officers' patrol vehicle's mobile video recording ("MVR"). The MVR showed Benson riding his bicycle on the left side of a roadway in a paved lane marked with a pedestrian symbol. After the police activated their emergency lights in an effort to initiate a traffic stop, Benson attempted to elude the officers. On July 28, 2017, the Superior Court denied the motion to suppress. The Superior Court held that the police officers had probable cause to believe that Benson was riding his bicycle in a safety zone in violation of 21 *Del. C.* § 4199 and, therefore, were justified in initiating a traffic stop. When Benson fled, the officers acquired additional probable cause to pursue and arrest Benson for resisting arrest. Therefore, the Superior Court found that the officers were authorized to perform a search

2

incident to arrest, during which they found a loaded handgun in Benson's jacket pocket.

(4) On July 31, 2017, the parties appeared for trial and selected a jury. On August 1, 2017, Benson opted to plead guilty to PFBPP and resisting arrest instead of proceeding to trial. As part of the plea agreement, the parties agreed that Benson was a habitual offender and would be sentenced under 11 *Del. C.* § 4214(d) due to his prior convictions for second degree assault, first degree reckless endangering, and CCDW. The Superior Court accepted Benson's guilty plea as knowingly, intelligently, and voluntarily entered and—following the parties' sentencing recommendation—sentenced him to fifteen years of Level V incarceration for PFBPP and to one year of Level V incarceration, suspended for one year of Level III probation, for resisting arrest. Benson did not appeal.

(5) On October 4, 2017, Benson filed a motion for correction of illegal sentence arguing that he had been improperly sentenced as a habitual offender under 11 *Del. C.* § 4214(d) because CCDW is not a violent felony under 11 *Del. C.* § 4201(c). The Superior Court denied the motion, and this Court affirmed on appeal, noting that each of Benson's three prior convictions relied upon by the State to establish Benson's habitual offender status is designated as a violent felony under 11 *Del. C.* § 4201(c).[1]

---

[1] *Benson v. State*, 2018 WL 6431748, at *2 (Del. Dec. 5, 2018).

3

(6) In February 2018, Benson filed a timely motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Benson argued that trial counsel was ineffective because she failed to conduct a full investigation into the facts of his case, failed to show him the MVR, failed to file a suppression motion as he requested, induced Benson to enter into a plea agreement under false pretenses because his conviction for CCDW was not a violent felony, and induced Benson into accepting a plea offer that prejudiced his right to appeal the Superior Court's denial of his suppression motion. Benson later supplemented his motion with claims that (i) the State failed to disclose the MVR to him in violation of *Brady v. Maryland*[2] and (ii) the Superior Court denied him his constitutional right to effective representation of counsel by declining to appoint substitute counsel, denying his motion to suppress, and denying his motion for a continuance made on the record during jury selection.

(7) A Superior Court Commissioner recommended that the Superior Court deny Benson's postconviction motion.[3] The Commissioner concluded that Benson was unable to overcome Rule 61's procedural bars: his claims concerning his status as a habitual offender were procedurally barred as previously adjudicated under Rule 61(i)(4), and his remaining claims were barred under Rule 61(i)(3) because they

---

[2] 373 U.S. 83 (1963).
[3] *State v. Benson*, 2019 WL 4723832 (Del. Super. Ct. Sept. 25, 2019).

were not raised in the proceedings leading to judgment of conviction and Benson could not excuse the procedural default. Following a *de novo* review of the Commissioner's report and recommendation, the Superior Court accepted the Commissioner's report in its entirety and denied Benson's motion for postconviction relief. This appeal followed.

(8)    We review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[4]   Both the Superior Court and this Court on appeal must first consider the procedural bars of Rule 61 before considering the merits of any of the underlying postconviction claims.[5]   Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause for relief from the procedural default and prejudice from a violation of the defendant's rights. To establish cause, the movant must demonstrate that an external impediment prevented him from raising the claim earlier.[6]   To establish prejudice, the movant must show actual prejudice resulting from the alleged error.[7]   Rule 61(i)(4) bars any ground for relief that was previously adjudicated.

---

[4] *Claudio v. State*, 958 A.2d 846, 850 (Del. 2008).
[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[6] *Id.* at 556.
[7] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

(9) On appeal, Benson argues that the Superior Court erred when it (i) determined that his claims were procedurally barred; (ii) denied his motion for transcripts to be prepared at State expense in connection with the postconviction proceedings; and (iii) denied his request for an evidentiary hearing under Rule 61(h)(1). Benson's claims are unavailing.

(10) As a preliminary matter, Benson correctly states that his ineffective assistance of counsel claims were not subject to Rule 61(i)(3)'s procedural bar.[8] Nevertheless, we agree with the Superior Court that Benson's allegations do not support a finding of ineffective assistance of counsel. Even assuming that Benson can assert a claim of ineffective assistance of counsel after waiving his right to counsel and proceeding *pro se*, the record does not support such a claim. To substantiate a claim of ineffective assistance of counsel in the guilty plea context, a defendant must show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable probability that, but for counsel's errors, he would not have pled guilty but would have insisted on going to trial.[9]

---

[8] *Green v. State*, 2020 WL 4745392, at *9 (Del. Aug. 17, 2020) ("Simply put, ineffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent.").

[9] *Albury*, 551 A.2d at 59-60.

Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[10]

(11) Having carefully considered the parties' submissions on appeal and the Superior Court record—including the affidavit filed by Benson's former counsel in response to the allegations of ineffectiveness and counsel's letter to Benson in which she described Benson's actions as shown on the MVR and opined that there was no legal basis to file a motion to suppress—we conclude that the Superior Court did not err in finding that Benson's claims of ineffective assistance of counsel were without merit. To the extent that Benson's claims of ineffective assistance of counsel relate to his status as a habitual offender, the Superior Court correctly determined that those claims were procedurally barred as previously adjudicated.

(12) Turning to Benson's claim that the State committed a *Brady* violation by failing to disclose the MVR to him, it is settled law that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, even those of constitutional dimensions.[11] In this case, the transcript of the guilty plea colloquy supports the conclusion that Benson knowingly, intelligently, and voluntarily pled guilty with a full understanding of the rights he was waiving. A defendant's statements to the Superior Court during

---

[10] *Id.* at 59.
[11] *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019).

the guilty plea colloquy are presumed to be truthful.[12]  Under oath, Benson informed the trial judge that he understood the charges against him and that he was pleading guilty because he was, in fact, guilty.  He indicated that he had reviewed the plea agreement and that he understood it as well as all of the rights that he was waiving by pleading guilty.  Benson also told the trial court that no one was forcing him to plead guilty.  Benson's knowing, intelligent, and voluntary plea waived his right to raise all errors or defects occurring before the plea, except a lack of subject matter jurisdiction, including any alleged *Brady* violation.[13]  Nevertheless, the record does not support Benson's *Brady* violation claim.  Assuming, *arguendo*, that the MVR was exculpatory, there is no evidence that the State suppressed the MVR where, as here, it produced the MVR to defense counsel in due course and it permitted Benson to view the MVR in advance of the suppression hearing, which took place more than a month before Benson's trial date.

(13)    We also hold that the Superior Court correctly concluded that Benson's claims that the trial court erred in failing to appoint substitute counsel, denying his motion to suppress, and denying his motion for a continuance were not raised on direct appeal and are therefore procedurally barred under Rule 61(i)(3).[14]  As a final

---

[12] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[13] *Mack*, 2019 WL 7342514, at *2.
[14] *See Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015) (noting that if a defendant believes the Superior Court has erred in denying his suppression motion, his only option is to go to trial and appeal); *Jackson v. State*, 2005 WL 528673, at *2 (Del.

8

matter, the Superior Court did not abuse its discretion when it declined to order transcripts at State expense, or when it determined that it need not hold an evidentiary hearing on Benson's motion for postconviction relief. As we previously observed, Benson was provided the transcript of his guilty plea in connection with his appeal from the Superior Court's denial of his motion for correction of illegal sentence.[15] And, because Benson's claims that the Superior Court erred in denying his motion to suppress as well as his last-minute motion for a continuance are procedurally barred, the Superior Court did not abuse its discretion in denying his motion for the production of the transcripts of the suppression hearing and jury *voir dire* at State expense.[16] To the extent Benson argues that a hearing was required to evaluate the merits of his claim of a *Brady* violation, as noted above, it is clear from the record that no *Brady* violation occurred.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

Feb. 17, 2005) (upholding the Superior Court's denial of the defendant's postconviction claim that the trial court erred in denying his motion for a continuance as procedurally barred under Rule 61(i)(3)).

[15] *Benson*, 2018 WL 6431748, at *1.

[16] *See Hubbard v. State*, 2006 WL 197128 (Del. Jan. 24, 2006).